345, 347                               Pope v. Pollock.

Motion sustained.

Newbegin & Kingsbury, for plaintiff in error.

C. H. Scribner and Henry Hardy, for defendant in error.

---

347                               JUDGMENTS.

[Hamilton Circuit Court, January Term, 1886.]

Cox, Smith and Swing, JJ.

W. H. POPE v. MARTHA POLLOCK.

1. JUDGMENT BY DEFAULT MUST BE SET ASIDE UPON PROPER AFFIDAVIT.

When an affidavit is filed with a magistrate under Revised Statutes, section 6578, to set aside a judgment by default rendered against a defendant in his absence, it is imperative on the magistrate to set it aside, if the affidavit sets forth a good and sufficient reason for the absence of the defendant, and he otherwise complies with the statute. The word " may " in the statute is to read as " shall."

2. REVIEWING COURT WILL PASS ON AFFIDAVIT.

Error will lie for refusal to set aside a judgment in such case, and the reviewing court will pass on the sufficiency of the affidavit.

Pope was sued before a magistrate at Wyoming, some ten miles from Cincinnati, on an account, and demanded a trial by jury.   The case was set for trial at 6½ o'clock P. M.   Pope was engaged in business in Cincinnati, his only means of reaching the place of trial being by railroad.   Mistaking the hour of the train, he was unable to reach in time, but from the depot at Cincinnati telegraphed the magistrate that he would be out on the next train, some forty minutes later, and would waive a jury and try the case before him.   The magistrate not receiving the dispatch before the end of the hour, rendered judgment against Pope by default in his absence.   Pope, within ten days, filed an affidavit, setting forth his reasons for being absent at the trial, confessed judgment for the costs and asked that the judgment be set aside.   This the magistrate refused to do.   Error was prosecuted in the court of common pleas, and the judgment of the magistrate was affirmed.   This proceeding is to reverse the judgment of the common pleas.

It is contended, first, that under section 6578, Revised Statutes, it is entirely within the discretion of the magistrate to set aside the judgment, even if a sufficient showing be made, and second, that the affidavit did not show a sufficient reason for the absence of defendant from the trial.

Cox, J.

We think the statute is imperative.   Although the language is, "*may set aside,*" yet that it should be construed as if written "*shall set aside.*"   The affidavit in this case, showing in our opinion a good and sufficient reason for the absence of the defendant at the trial, the magistrate should have set the judgment aside.   Judgment reversed.

W. H. Pope, for plaintiff in error.

Reuben Tyler, for defendant in error.